NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0312-21

JAMES MEYERS,

      Petitioner-Appellant,

v.

STATE HEALTH BENEFITS
COMMISSION,

      Respondent-Respondent.

_____

> **APPROVED FOR PUBLICATION**
>
> **October 25, 2022**
>
> **APPELLATE DIVISION**

Argued October 3, 2022 – Decided October 25, 2022

Before Judges Whipple, Smith, and Marczyk.

On appeal from the State Health Benefits Commission, Department of the Treasury.

Richard M. Pescatore argued the cause for appellant (Richard M. Pescatore, PC, attorneys; Richard M. Pescatore, of counsel and on the briefs).

Alison Keating, Deputy Attorney General, argued the cause for respondent (Matthew J. Platkin, Attorney General, attorney for respondent; Melissa H. Raksa, Assistant Attorney General, of counsel; Alison Keating, on the brief).

The opinion of the court was delivered by

SMITH, J.A.D.

Petitioner James Meyers appeals from the final decision of the State Health Benefits Commission (SHBC), which ordered health care insurance premiums to be deducted from his monthly retirement payment pursuant to Chapter 78, the State Health Benefits Program.[1] Petitioner appeals, contending that the SHBC's decision was arbitrary, capricious, and unreasonable, as well as procedurally deficient. We affirm.

## I.

Petitioner James Meyers was employed by the State Police from 1994 through September 30, 2015. He retired as a captain. In 1995, petitioner unsuccessfully attempted to purchase his military service time and transfer it into his State Police Retirement System (SPRS) account, but he was not permitted to do so under the laws existing at that time.

On June 28, 2011, the Legislature adopted N.J.S.A. 52:14-17.28d(b)(1), which requires retired public employees to contribute towards the cost of their health care benefits coverage through the withholding of a premium contribution from their monthly retirement allowance. Another section of that legislation, N.J.S.A. 52:14-17.28d(b)(3), exempted public employees who had twenty or more years of creditable service in a state or local public retirement

---

[1] N.J.S.A. 52:14-17.25 to -17.46a.

system as of June 28, 2011 from the obligation to pay the health insurance premiums imposed under section (b)(1).

On June 28, 2011, the record shows petitioner had earned seventeen years and nine months creditable service time as an employee of the New Jersey State Police. The record further shows petitioner had no other creditable public service time.

In 2013, the Legislature passed N.J.S.A. 53:5A-6, which made public employees eligible to purchase military service credit and apply such credit towards their New Jersey public service time. Petitioner, who had previously served in the United States Marine Corps, purchased forty-eight months credit.[2]

In 2015, petitioner applied for early retirement. As a result of his military service credit purchase, petitioner accumulated over twenty-five (25) years' worth of creditable service time toward his SPRS benefits at the time of retirement.

In response to his application for early retirement, on July 27, 2015, the New Jersey Division of Pensions and Benefits (Division) sent petitioner a letter regarding his retirement health care benefits coverage. The letter

---

[2] Plaintiff made a lump sum purchase of his military service credits in the amount of $94,734.13.

informed petitioner that there was "no premium cost to [him]"[3] for his retirement health care benefits. The Division approved petitioner's application for early retirement, effective September 30, 2015. Plaintiff began receiving monthly retirement payments from the Division the next month, however, the Division did not deduct health insurance premiums from those monthly retirement payments. As a result, petitioner received full health care benefits coverage for himself and his family, at no cost, from October 2015 through May 2017.

On June 2, 2017, the Division discontinued his fully paid health care insurance coverage, stating the change was necessary because of an error.[4] As it turned out, the Division's July 2015 letter to petitioner stating he had free health insurance during retirement was incorrect. The Division began

_____

[3] The last paragraph of page one of the Division's July 27, 2015 letter states, "[i]f you select NJ Direct10 or Aetna Freedom10, you are required to pay a portion of the premium based on the terms of the labor contract agreement that apply to you. For all other plan choices, there is no premium cost to you." Petitioner did not select either NJDirect10 or Aetna Freedom10.

[4] The record shows that the Audit Section of the State Health Benefits Program sent a letter to petitioner dated June 2, 2017, which read in part: "[d]uring a recent audit, an error was found regarding your benefits contribution. [N.J.S.A. 52:14-17.28d] requires you to pay a contribution from your monthly retirement allowance for your retired health benefits coverage."

deducting $792.51 from plaintiff's monthly pension for health benefits, effective July 1, 2017.[5]

Petitioner appealed the newly imposed deduction to the State Health Benefits Commission (SHBC). The SHBC referred the matter to the Office of Administrative Law for fact-finding in a letter dated October 18, 2018. In the letter, the SHBC identified the sole issue at the hearing to be: "equitable estoppel . . . specifically, to determine if the member, [petitioner], detrimentally relied on incorrect information provided by the Division."

On April 16, 2021, after a hearing at which petitioner and a Division representative testified, the ALJ issued its initial decision barring the SHBC from deducting health insurance premiums from petitioner's retirement payments. The ALJ made findings, including: that petitioner was "quite clear" that his health benefits would be free upon his retirement, based on his review of Division and State Police retirement literature, Division correspondence, and conversations with State Police HR and Division staff; that the SHBC intentionally misinformed petitioner about free health benefits at "every step of the way during [petitioner's] retirement planning"; and that petitioner detrimentally relied upon the SHBC's misinformation, without which

---

[5] The deduction gradually increased over the next two years, culminating in $863.16 per month being removed from petitioner's monthly retirement payment in 2020.

A-0312-21

he would not have purchased his military service time at a significant cost, nor applied for early retirement.

Concluding an injustice had taken place, the ALJ invoked the doctrine of equitable estoppel and barred the SHBC from deducting contributions to petitioner's retirement health benefits as mandated by state law.

On September 24, 2021 the SHBC made findings and rejected the ALJ's initial decision. The SHBC noted the ALJ had overlooked facts in the record, specifically Division and State Police pension literature that explicitly warned public employees, including petitioner, that service time purchases made after June 28, 2011, were subject to the provisions of N.J.S.A. 52:14-17.28d(b)(3). The SHBC next found that the erroneous July 27, 2015 letter and any oral misrepresentations by Division staff to petitioner about his eligibility for free health care benefits in retirement were "mistake[s]," but did not rise to the level of intentional misrepresentation, an element of equitable estoppel. The SHBC also found the record did not support the ALJ's finding that petitioner detrimentally relied on the Division's erroneous written and oral representations in retiring early.[6]

---

[6] The SHBC noted that petitioner took early retirement to accept an executive position with a firearms manufacturer.

A-0312-21

Concluding its equitable estoppel analysis, the SHBC found that requiring petitioner to contribute to his health care premium as per state law was not manifestly unjust. Quoting Teamsters Local 97 v. State of New Jersey,[7] the SHBC found that the state's "legitimate interest in controlling the cost of health care benefits, ensuring consistency in health benefit coverage, and further ensuring that the programs that make health care coverage available to public employees remain viable for current and future employees" took precedence over any equitable interest demonstrated by petitioner.

The SHBC also considered petitioner's statutory eligibility for contribution-free health insurance benefits in retirement under N.J.S.A. 52:14-17.28d(b)(3). It found that "no amount of continued service with the NJSP beyond [petitioner's] retirement date of October 1, 2015 would change the amount of creditable service [petitioner] had on [the statute's] effective date," June 28, 2011.

Petitioner appeals, arguing the SHBC was arbitrary, capricious, and unreasonable in its rejection of the ALJ's initial decision. Secondarily, petitioner also seeks dismissal of the SHBC's final decision on procedural grounds.

---

[7] Teamsters Local 97 v. State, 434 N.J. Super. 393, 493 (App. Div. 2014).

A-0312-21

## II.

"[We] have 'a limited role' in the review of [agency] decisions." In re Stallworth, 208 N.J. 182, 194 (2011) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579 (1980)). "[A] 'strong presumption of reasonableness attaches to [an agency decision].'" Parsells v. Bd. of Educ. of Borough of Somerville, 472 N.J. Super. 369, 375 (App. Div. 2022) (citing In re Carroll, 339 N.J. Super. 429, 437 (App. Div. 2001)). "Board decisions are afforded a deferential standard of review and will be reversed only if 'there is a clear showing that [the decision] is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record.'" S.L.W. v. N.J. Div. Pensions & Benefits, 238 N.J. 385, 393 (2019) (alterations in original) (citing Mount v. Police & Firemen's Ret. Sys., 233 N.J. 402, 418 (2018)).

We "may not substitute [our] own judgment for the agency's, even though [we] might have reached a different result." Stallworth, 208 N.J. at 194 (quoting In re Carter, 191 N.J. 474, 483 (2007)). "This is particularly true when the issue under review is directed to the agency's special 'expertise and superior knowledge of a particular field.'" Id. at 195 (quoting In re Herrmann, 192 N.J. 19, 28 (2007)). "Furthermore, 'an administrative agency's interpretation of statutes and regulations within its implementing and enforcing responsibility is ordinarily entitled to our deference.'" Parsells, 472 N.J.

Super. at 376 (quoting In re Appeal by Progressive Cas. Ins. Co., 307 N.J. Super. 93, 102 (App. Div. 1997)).

III.

Petitioner argues that we should reverse the SHBC's final decision because it was arbitrary, capricious, and unreasonable. Petitioner contends the voluminous hearing record detailing the actions he took, allegedly in reliance on the Division's written and oral representations, supports a finding that the SHBC should be estopped from deducting health insurance premiums from petitioner's monthly retirement payments.

We are not persuaded by this argument. Instead, we find that a plain reading of the applicable statutes compels deduction of health insurance premiums from petitioner's retirement payment. There is no need to scrutinize the record through the lens of equitable estoppel.

N.J.S.A. 52:14-17.28d(b)(1) states in pertinent part:

> [P]ublic employees of the State . . . shall contribute, through the withholding of the contribution from the monthly retirement allowance, toward the cost of health care benefits coverage for the employee in retirement and any dependent provided under the State Health Benefits Program . . . in an amount that shall be determined in accordance with [N.J.S.A. 52:14-17.28c].

N.J.S.A. 52:14-17.28d(b)(3) states, "[e]mployees . . . who have 20 or more years of creditable service in one or more State or locally-administered

9

retirement systems on [June 28, 2011] shall not be subject to the provisions of this subsection."

Petitioner had a little over seventeen years creditable service time as an employee of the State Police as of June 28, 2011. By the plain language of section (b)(3), only public employees with twenty or more years of creditable service time as of that date were exempt from the provisions of section (b)(1). The Legislature clearly intended to create a finite class of public employees, eligible for retirement, that would not have health care premium contributions withheld from their monthly retirement allowance. The petitioner was never a part of that class.

Petitioner purchased his military service time in 2013, which, when applied to his State Police service time, gave him just over twenty-five years to credit towards his state pension at retirement. He argues that the added service time should be applied retroactively to reflect the chronological order his service took place. We disagree. The class of public employees who receive free benefits under the State Health Benefits Plan in their retirement years was fixed as of the date section (b)(3) was enacted by the Legislature in 2011. Simultaneously, the class of public employees who must pay health care premium contributions out of their monthly retirement allowance in order to receive their health benefit was also fixed.

10

Petitioner was not only statutorily ineligible for free retirement health care in 2011, he had no means whatsoever to become eligible at that time. N.J.S.A. 53:5A-6, the statute authorizing petitioner's military service time purchase, was not adopted by the Legislature until 2013. The Legislature could have added to the class of exempt retirees it created in 2011 when it subsequently adopted N.J.S.A. 53:5A-6, but it did not do so.

We briefly comment on the application of equitable estoppel to these facts. "Consideration of whether equitable estoppel should be applied against an agency is a fact-sensitive inquiry." In re Johnson, 215 N.J. 366, 386 (2013). Petitioner and the SHBC created an exhaustive record on the issues of misrepresentation and detrimental reliance, but we find that the sole question we need to consider is whether petitioner was statutorily eligible for free retirement health care benefits as of June 28, 2011. The record shows he wasn't eligible. Given the circumstances presented here, an equitable estoppel analysis is not required.

Petitioner also contends that the SHBC's decision was untimely, and therefore the ALJ's decision should be deemed final. We disagree. The SHBC's decision was timely under Executive Order 127, which extended the deadline for the issuance of agency decisions, and which remained in effect

A-0312-21

until January 1, 2022.[8] The executive order remedied any delay in issuance of the SHBC's final decision.

We conclude that the SBHC's final decision was not arbitrary, capricious, or unreasonable, and find no reason to disturb its decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[8] See P.L. 2021, c.103, section 1, which extended the effective date of Executive Order 127 to January 1, 2022.